**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alex N.,

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

Case No. 26-cv-3088 (LMP/DTS)

**REPORT AND RECOMMENDATION**

---

"On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (quotation omitted). Petitioner Alex N. is currently in custody pursuant to 8 U.S.C. § 1226(a) as removal proceedings against him go forward. In the petition for a writ of habeas corpus now before the Court, Petitioner alleges that he should not be in custody pursuant to § 1226(a) because the warrant pursuant to which he was arrested was defective. Petitioner is correct. Accordingly, the Court recommends the habeas petition be granted and Petitioner be set at liberty without delay, and in any event within 48 hours of the granting of the petition.

This is not a difficult case. Petitioner's arrest was carried out pursuant to a "Form I-200" administrative warrant that was issued on May 17, 2026. *See* Declaration of Steven Draves (Draves Decl.) Ex. B (Dkt. No. 9-2). A Form I-200 is an administrative arrest warrant which authorizes a non-citizen's arrest for purposes of effectuating removal proceedings against the non-citizen. The regulation permitting use of the Form I-200

administrative warrant is clear that the authority to issue the warrant arises from the issuance of a Notice of Appear with respect to the non-citizen; absent a Notice to Appear having been issued, no Form I-200 warrant can be issued. *See* 8 C.F.R. § 236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest.").

Determining whether a Notice to Appear was issued before or after a Form I-200 warrant can sometimes be tricky, as the government does not always keep down-to-the-minute records of when the documents were issued. *See, e.g.*, *Richard C. v. Easterwood*, No. 26-cv-2137, Dkt. No. 8 at 6 (D. Minn. May 4, 2026). In this case, however, the circumstances are clear. The Form I-200 warrant that the government cites to justify Petitioner's arrest was issued on May 17, 2026. *See* Draves Decl. Ex. B. The Notice to Appear that putatively justified the issuance of the Form I-200 warrant was not issued until two days later, on May 19, 2026. *See* Draves Decl. Ex. D (Dkt. No. 9-4). Because the warrant was issued outside the boundaries of what § 236.1(b)(1) permits, the warrant was invalid. Because Petitioner's arrest was "pursuant to an invalid warrant and therefore unlawful, immediate release is the appropriate remedy." *Victor P. v. Blanche*, No. 26-cv-3217, 2026 WL 2110732, at *3 (D. Minn. July 22, 2026) (collecting cases).

The government does not offer much of an argument to the contrary. The bulk of the government's argument concerns whether the Form I-200 warrant was served on Petitioner prior to the arrest, but service of the warrant is not the relevant issue.[1] What matters is whether the official who issued the Form I-200 warrant had authority to do so.

[1] In fact, if the warrant were valid, then it need not have been served at all. *See Tanneh W.S. v. Blanche*, No. 26-cv-2775, 2026 WL 1801140, at *3 (D. Minn. June 23, 2026).

Because no Notice to Appear had yet been issued with respect to Petitioner, the official did not have authority to issue the Form I-200 warrant. *See* 8 C.F.R. § 236.1(b)(1). That the agents who arrested Petitioner served the defective warrant on Petitioner at the time of the arrest is neither here nor there.

The government also makes a brief run at arguing that § 236.1(b)(1) does not really say what it seems to say because it is prefaced by the phrase "[i]n general." The Court disagrees. "The temporal aspects of [the regulatory] language are clear: an arrest warrant may be issued '[a]t the time of issuance' of the Notice to Appear or 'thereafter.' Not 'before.'" *Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 927 (S.D. Iowa Jan. 2, 2026). The government's reading of the phrase "[i]n general" to allow a Form I-200 warrant to be issued at any time would write the clear temporal limitation out of § 236.1(b)(1) entirely—indeed, it would also write out every other limitation out of § 236.1(b)(1), including that the "warrant of arrest may be issued only by those immigration officers listed in § 287.5(e)(2) of this chapter and may be served only by those immigration officers listed in § 287.5(e)(3) of this chapter." The government has not cited any court that has agreed with its argument that the phrase "[i]n general" renders § 236.1(b)(1) a nullity, and this Court will not be the first to reach that conclusion.

Because Petitioner has established by a preponderance of the evidence that his arrest was unlawful, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025), he must be released, *Carlos L.V.B. v. Bondi*, No. 26-cv-898, 2026 WL 1231286, at *3 (D. Minn. Mar. 20, 2026) ("[F]or detention that lacks a lawful predicate, release is an appropriate remedy." (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008))). That release should be ordered to be carried out without undue delay, and in any case within 48 hours

of the granting of the habeas petition (should the habeas petition, as recommended, be granted).

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the United States Court of Appeals for the Eighth Circuit. Given the expedited nature of these proceedings, the Court exercises its discretion to alter the standard timelines for Respondents to file objections to this Report and Recommendation. *See* Local Rule 72.2(b)(1) ("A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, unless the court sets a different deadline.") (emphasis added). Respondents must file any objection to this Report and Recommendation on or before August 18, 2026. Petitioner may file a response to any objections on or before August 25, 2026.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, THE COURT HEREBY RECOMMENDS:

1. The amended petition for a writ of habeas corpus of petitioner Alex N. (Dkt. No. 3) be GRANTED.

2. Respondents be ordered to release Petitioner without undue delay, or in any case within 48 hours of the granting of the habeas petition.

Dated: August 12, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge